IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02506-ZLW-BNB

EDWARD ALLEN,

Plaintiff,

v.

ARISTEDES ZAVARAS,
J. HASSENFRITZ,
MS. GRAHAM,
COLORADO DEPARTMENT OF CORRECTIONS, and
CORRECTIONS CORPORATION OF AMERICA,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the plaintiff's **Request for Certificat** [sic] **of Class** [Doc. #47, filed

05/22/2009] (the "Motion").  I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff seeks to certify a class of all sex offenders who are incarcerated by the

Colorado Department of Corrections ("DOC") in both state prisons and private prisons and who

have been classified as sex offenders.  He claims that the DOC has a policy of placing sex

offenders with gang members resulting in the foreseeable consequence that the sex offenders are

subjected to coercion, extortion, and physical violence.  He seeks an order requiring the DOC to

"completely segregate convicted sex offenders from gang members in separate facility(s)."  *The*

*Plaintiff's Reply in Support of Certificat* [sic] *of Class*, p. 2.

A class action is a unique procedural device designed for the efficient administration of

cases where factual and legal issues are common to a class.  In re Intelcom Group Inc., Securities

Litigation, 169 F.R.D. 142, 144 (D.Colo.1996).   The party seeking class certification must demonstrate, under a strict burden of proof, that all of the requirements of Fed. R. Civ. P. 23(a) are met.  Rex v. Owens, 585 F.2d 432, 435 (10th Cir.1978).  Those elements include: (1) a class so numerous that joinder is impractical; (2) common factual and legal questions; (3) representative claims that are typical of the claims of the class; and (4) a representative or representatives that will fairly and adequately protect the interests of the class.  Id.  In addition, at least one element of Rule 23(b) must also be satisfied.  Green v. Nuveen Advisory Corp., 186 F.R.D. 486, 493 (N.D.Ill.1999).

In this case, the plaintiff relies on Rules 23(b)(1) and 23(b)(2), which provide:

A class action may be maintained if Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; [or]

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]

Fed.R.Civ.P. 23(b)(1) and (2).

When ruling on a motion for class certification, the inquiry is limited to whether the

requirements of Rule 23 have been satisfied.  In re Intelcom, 169 F.R.D. at 145.  The Motion

does not provide any meaningful discussion of those requirements, however.

In addition, the plaintiff is proceeding pro se and is not a lawyer.  A non-lawyer may not

act as counsel for others, including particularly as class counsel in a class action.  See

D.C.COLO.LCivR 11.1A (providing that "[o]nly *pro se* individual parties and members of this

court's bar may appear or sign pleadings, motions, or papers").[1]

I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ.

P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific,

written objections.  A party's failure to serve and file specific, written objections waives *de novo*

review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474

U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.

In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's

objections to this recommendation must be both timely and specific to preserve an issue for *de*

*novo* review by the district court or for appellate review.  United States v. One Parcel of Real

Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[1]The plaintiff seeks appointment of counsel pursuant to Rule 23(g).  Rule 23(g) provides that class counsel must be appointed upon certification of a class.  Because I recommend that the plaintiff's motion to certify a class be denied, I do not address his motion to appoint class counsel.

Dated November 12, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge