IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-02506-ZLW-BNB

EDWARD ALLEN,

Plaintiff,

v.

ARISTEDES ZAVARAS,
J. HASSENFRITZ,
MS. GRAHAM,
COLORADO DEPARTMENT OF CORRECTIONS, and
CORRECTIONS CORPORATION OF AMERICA,

Defendants.

## ORDER

This matter arises on the following motions filed by the plaintiff:

1. **Motion to Compel** [Doc. #115, filed 02/18/2010] (the "Motion to Compel")

2. **Motion for an Order of Compisation**[1] **of Costs** [Doc. #122, filed 03/23/2010] (the "Motion for Costs");

3. **Motion for Extenchen of Time** [Doc. #123, filed 03/23/2010] (the "Motion for Extension").

The Motion to Compel is GRANTED IN PART and DENIED IN PART. The Motion for Costs is DENIED. The Motion for Extension is GRANTED as specified.

The plaintiff is currently incarcerated by the Colorado Department of Corrections ("DOC"). The plaintiff filed his Prisoner Complaint (the "Complaint") on November 10, 2008

---

[1] I quote the plaintiff's filings as written, without correction or acknowledgment of error.

[Doc. #3]. On November 12, 2009, I recommended that all of the plaintiff's claims be dismissed except the claim against defendant Zavaras asserted in Claim Two. *Recommendation of United States Magistrate Judge* [Doc. #86]. Zavaras is the Executive Director of the DOC. *Complaint* [Doc. #3], p. 2, ¶ 2.

Claim Two alleges that Zavaras has knowledge of the long-standing, pervasive, well-documented, and escalating extortions, assaults, and murders committed throughout the DOC against sex offenders by gang members, predominantly white supremacists; Zavaras has been made aware of these problem through DOC criminal investigations, prisoner and victim incident statements, DOC and private prison employee-witnessed accounts, and inmate informants; the problem is fully documented in DOC files and records; Zavaras has deliberately created policies and practices of placing convicted sex offenders with gang members, even when there are documented custody issues between them, so that there is no reasonable measure of protection and safety for convicted sex offenders; the plaintiff was deliberately subjected to the defendants' policy; and Zavaras placed him at KCCC where he was repeatedly assaulted by white supremacist gang members. *Complaint*, pp. 9-10. I construed Claim Two as alleging that Zavaras has an unwritten policy to place sex offenders with gang members; that he ordered the plaintiff to be placed with gang members at KCCC; and that the placement had the foreseeable consequence that the plaintiff would be subjected to coercion, extortion, and physical violence. I found that these allegations were sufficient to state a plausible claim against Zavaras for deliberate indifference to the plaintiff's safety in violation of the Eighth Amendment. *Recommendation of United States Magistrate Judge* [Doc. #86], pp. 9-10.

The plaintiff served on defendant Zavaras a request for production of documents and interrogatories. *Motion to Compel*, Ex. B.  The defendant responsed to the discovery requests. Id. at Ex. D. The plaintiff seeks to compel production of several documents and to compel responses to certain interrogatories.

In Interrogatories Nos. 2, 3, 4, 5, and 7, the plaintiff seeks statistical information regarding violence on sex offenders and reports of extortion.  The defendant responded that "[t]he Inspector General's Office and/or DOC Planning and Analysis does not track the sex offender information that Plaintiff has requested."  The defendant cannot be compelled to produce information that does not exist.

Interrogatory No. 8 asks "[h]ow many reports of extortion have been filed in the Fremont Correctional Facility from the years 2007-2008?"  The defendant initially responded that "[t]he Inspector General's Office and/or DOC Planning and Analysis does not track the sex offender information that Plaintiff has requested."  The defendant subsequently served on the plaintiff a corrected response stating that "[n]ine extortion cases were opened in 2007-2008. *Motion for Costs*, Ex. G.  Zavaras has answered the interrogatory, and the plaintiff's request to compel with respect to Interrogatory No. 8 is moot.

In Interrogatory No. 10, the plaintiff asks "[h]ow is an inmate supposed to keep his crime a secret when the court gives that information out?"  The defendant responded that the "DOC and Zavaras has [sic] no control over information released by the courts."  The plaintiff complains that the defendant's response is deficient because "[t]he defence has claimed that it's the plaintiff's falt that he was assalted but the defence wont tell the plaintiff how to protect himself." *Motion*, p. 1.  The question posed in Interrogatory No. 10 is not relevant to whether

defendant Zavaras has been deliberately indifferent to the plaintiff's safety, and I will not compel any further response to it.

Interrogatory No. 18 states "[h]ow many times have Zavaras or DOC been sued for the practice of housing sex offenders with gang members or general population during the years 2007-2008?" The defendant objected to the question "on the basis of relevancy and that the Interrogatory is burdensome in that it calls for the review of all suits filed in 2008." I find that the request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The number of lawsuits against the DOC and Zavaras is not relevant to whether Zavaras was deliberately indifferent to the plaintiff's safety in violation of the Eighth Amendment.

Interrogatory No. 19 requests that the defendant list all personnel that he intends "to call as witnesses and what their testimony will consist of." The defendant responded that he "has not yet determined the witness list." The response is sufficient at this time.

In Requests for Production of Documents No. 1, 4, and 5, the plaintiff seeks records pertaining to assaults which occurred on October 29, 2008; September 10, 2008; and May 6, 2008, respectively. The defendant responded that there are no records of assaults on those dates. The defendant cannot be compelled to produce documents that do not exist.

Request for Production No. 2 requests that the defendant produce the plaintiff's Mittimus. The request seeks information neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence.

In Request for Production No. 3, the plaintiff seeks production of "the grievances filed in 2008 by the Plaintiff." The defendant initially objected to the request, but has subsequently

provided the plaintiff with a corrected discovery response containing the 2008 grievances. *Defendant Zavaras' Response to Plaintiff's Motion to Compel*, p. 3; *Motion for Costs*, p. 1. Therefore, the Motion to Compel is moot insofar as it seeks to compel a response to Request for Production No. 3.

Request for Production No. 6 states "[p]roduce any mental health evaluations by a qualified licensed psychologist." The defendant responded that "Plaintiff can request his medical and mental health records directly from DOC." Subsequently, the defendant served on the plaintiff a corrected response which states that "[t]he Colorado Attorney General's Office has in its possession a "Psychosexual Evaluation" dated 6/23/2004 that will not be produced due to the confidential professional information enclosed. Therefore, this information will be treated as privileged." *Motion for Costs*, Ex. G.

The defendant does not specify the privilege he is asserting, nor has he provided a privilege log as required by Fed.R.Civ.P. 26(b)(5). In addition, any privilege associated with the requested documents appears to be that of the plaintiff. Under these circumstances, the defendant may not withhold the documents on the basis of privilege.

Moreover, Defendant Zavaras is the Executive Director of the DOC. Therefore, any documents responsive to Request for Production No. 6 that are in the possession of the DOC are within the control of Zavaras. The plaintiff's Request for Production No. 6 is granted. On or before April 13, 2010, the defendant shall produce to the plaintiff all documents in his possession, custody, or control that are responsive to Request for Production No. 6.

In his Motion for Costs, the plaintiff requests that the defendant be ordered pursuant to Fed.R.Civ.P. 37(a)(5)(A) to pay his reasonable expenses incurred in filing the Motion to

5

Compel. A party filing a motion to compel may be entitled to reasonable expenses incurred in making the motion. If the motion is granted, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to compel to pay the movant's reasonable expenses, including attorney's fees, incurred in making the motion. The court, however, must not order payment if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A). The plaintiff has not demonstrated that he attempted in good faith to obtain his mental health evaluations without court action. Consequently, the Motion for Costs must be denied.

Finally, the plaintiff seeks a 30 day extension of the discovery cut-off date "in hope that the discovery disputs are resolved." *Motion for Extension*. The discovery cut-off is March 31, 2010 [Doc. #96]. I will extend the cut-off date to April 13, 2010, solely to allow the defendant to produce to the plaintiff all documents in his possession, custody, or control that are responsive to Request for Production No. 6. The Motion for Extension is denied in all other respects.

IT IS ORDERED that the Motion to Compel is GRANTED insofar as it seeks to compel the discovery sought in Request for Production No. 6. The Motion is DENIED in all other respects.

IT IS FURTHER ORDERED that on or before **April 13, 2010**, the defendant shall produce to the plaintiff all documents in his possession, custody, or control that are responsive to Request for Production No. 6.

IT IS FURTHER ORDERED that the Motion for Costs is DENIED.

IT IS FURTHER ORDERED that the Motion for Extension is GRANTED to extend the discovery cut-off date to April 13, 2010, solely to allow the defendant to produce to the plaintiff all documents responsive to Request for Production No. 6 . The Motion for Extension is DENIED in all other respects.

Dated March 30, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge