IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 08-cv-02506-ZLW-BNB

EDWARD ALLEN,

    Plaintiff,

v.

ARISTEDES ZAVARAS,
J. HASSENFRITZ,
MS. GRAHAM,
COLORADO DEPARTMENT OF CORRECTIONS, and
CORRECTIONS CORPORATION OF AMERICA,

    Defendants.

---

ORDER

---

The matter before the Court is Plaintiff's Motion For Restraining Order (Doc. No. 46). Pursuant to this Court's Order dated January 14, 2009 (Doc. No. 13), all dispositive motions in this case are referred to Magistrate Judge Boyd N. Boland.[1] On January 26, 2010, Magistrate Judge Boland issued a Recommendation (Doc. No. 110) that the motion for restraining order be denied. Plaintiff timely filed an objection on February 9, 2010 (Doc. No. 112). Plaintiff's motion and objection have been liberally construed because he is *pro se*.[2]

---

[1] *See* D.C.COLO.LCivR 72.1; 28 U.S.C. § 636(b)(1)(A).

[2] *See* Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007).

The Court has reviewed Plaintiff's objection, Defendant's response, the Magistrate Judge's Recommendation, and the original motion, response, reply, and associated affidavits. As required by 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the portions of the Recommendation to which Plaintiff objected. The Court overrules these objections and adopts the Recommendation in its entirety.[3]

Specifically, the Magistrate Judge recommended denying the motion as Plaintiff failed to meet his burden on at least two required elements of a Fed. R. Civ. P. 65(a) preliminary injunction claim: showing there is a substantial likelihood he would prevail on the merits and showing he would suffer irreparable injury.[4] Plaintiff's objection failed to adequately address either of these conclusions.[5] Accordingly, it is

ORDERED that the Recommendation (Doc. No. 110; Jan. 26, 2010) is accepted and adopted in its entirety. It is

---

[3] Plaintiff's affidavit submitted with his motion appears to have a typographical error. He claims that he was housed at the Kit Carson Correctional Center (KCCC) from April 29, 2008 until December 8, 2009. Recommendation at 3 (*citing* Mot. For Restraining Order, Ex. A (Doc. No. 46)). However, this affidavit was submitted to the Court on May 22, 2009. The Court assumes Plaintiff was housed at KCCC until December 8, 2008.

[4] Recommendation at 12-16; Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir. 1980).

[5] *See, e.g.*, Heideman v. South Salt Lake City, 348 F.3d 1182, 1188 (10th Cir. 2003). Either one of these failed elements is sufficient by itself to deny injunctive relief.

FURTHER ORDERED that Plaintiff's Motion For Restraining Order (Doc. No. 46; May 22, 2009) is denied.

DATED at Denver, Colorado, this 28th day of June, 2010.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court