IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 08-cv-02506-ZLW-BNB

EDWARD ALLEN,

    Plaintiff,

v.

ARISTEDES ZAVARAS,
J. HASSENFRITZ,
MS. GRAHAM,
COLORADO DEPARTMENT OF CORRECTIONS, and
CORRECTIONS CORPORATION OF AMERICA,

    Defendants.

---

## ORDER

---

The matter before the Court is Defendant's Motion For Summary Judgment (Doc. No. 143) and Plaintiff's Motion For Summary Judgment (Doc. No. 138).  Pursuant to this Court's Order dated January 14, 2009 (Doc. No. 13), all dispositive motions in this case are referred to Magistrate Judge Boyd N. Boland.[1]  On November 2, 2010, Magistrate Judge Boland issued a Recommendation (Doc. No. 182) that Defendant's summary judgment motion be granted, that Plaintiff's summary judgment motion be denied, and that the case be dismissed.  Plaintiff timely filed an objection on November 15, 2010 (Doc. No. 183) and Defendant filed a reply on November 29, 2010 (Doc. No. 185).

---

[1] *See* D.C.COLO.LCivR 72.1; 28 U.S.C. § 636(b)(1)(A).

Plaintiff's summary judgment motion and objection have been liberally construed because he is *pro se*.[2]

The Court has reviewed Plaintiff's objection, Defendant's response, the Recommendation, and the original motions, responses, replies, and associated affidavits.  As required by 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), the Court has reviewed *de novo* the portions of the Recommendation to which Plaintiff objected.  The Court overrules these objections and adopts the Recommendation in its entirety.

The Magistrate Judge recommended dismissed the remaining claim in the case because Defendant is entitled to qualified immunity.  Specifically, Defendant has not been shown to have personally participated in the alleged Eighth Amendment violation, a necessary prerequisite to held liable in a 42 U.S.C. § 1983 suit.[3]

In his objection, Plaintiff continues to contend that Defendant must be liable because he heads the Department of Corrections (DOC) and, therefore, he must implicitly approve of any DOC policies.  The Magistrate Judge applied the proper legal standard when he required Plaintiff to show evidence indicating direct responsibility for the alleged constitutional violations.[4]  Plaintiff previously could not provide such evidence,[5] and there is nothing in his objection to prove otherwise.  Therefore, without

---

[2]*See* Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007).  However, Plaintiff is still expected to comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3]McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983).

[4]*See* Rizzo v. Goode, 423 U.S. 362, 371 (1976).

[5]*See* Recommendation at 7-10.

at least some evidence of direct responsibility, there is no genuine issue of material fact and Defendant is entitled to qualified immunity.  Accordingly, it is

ORDERED that the Recommendation (Doc. No. 182; Nov. 2, 2010) is accepted and adopted in its entirety.  It is

FURTHER ORDERED that Defendant's Motion For Summary Judgment (Doc. No. 143; Apr. 30, 2010) is granted.  It is

FURTHER ORDERED that Plaintiff's Motion For Summary Judgment (Doc. No. 138; Apr. 19, 2010) is denied.  It is

FURTHER ORDERED that the Complaint and cause of action are dismissed with prejudice, the parties to pay their own costs and attorney's fees.  It is

FURTHER ORDERED that a separate Judgment shall issue pursuant to Fed. R. Civ. P. 58(a).

DATED at Denver, Colorado, this 1st day of December, 2010.

BY THE COURT:

*Zita Leeson Weinshienk*

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court